IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Wells Fargo Financial South Carolina, Inc., | ) | Civil Action No. 2:18-1479-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Paula D. Mack; Vincent D. Mack, a/k/a | ) | |
| Vincent Demar Mack; Toni Dawon; | ) | |
| Toni D. Incorporated a/k/a Toni D., Inc.; | ) | |
| Charleston Cardiology; Loco Record | ) | |
| Shop, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 6) recommending that this Court remand this case to state court *sua sponte* for lack of subject matter jurisdiction. For the reasons set forth below, this Court adopts the R & R as the order of the Court. This action is remanded to state court for further proceedings.

**I.   Background**

On May 31, 2018, *pro se* Defendants Paul D. Mack and Vincent D. Mack, also known as Vincent Demar Mack, filed a notice of removal for Civil Action No. 2014-CP-10-06824 (a state court mortgage foreclosure action) from the Court of Common Pleas of Charleston County, South Carolina. No other defendants in the state foreclosure action joined in the notice of removal. On July 13, 2018, the Magistrate Judge issued an R & R. (Dkt. No. 6.) No party filed objections.

**II.   Legal Standard**

**A.   *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Defendants have not filed Objections, and therefore the R & R is reviewed for clear error.

### III. Discussion

The Magistrate Judge explained that, in addition to Defendants failing to comply with the applicable rules for removal,[1] this Court does not have federal jurisdiction over the causes of action in Plaintiff's complaint, which asserts state law claims for the foreclosure of mortgages. *See* Civil Action No. 2014-CP-10-06824 *available at* Charleston County Circuit Court Public Index,

---

[1] Defendants failed to name the other defendants to the state action in their notice of removal, failed to sign the notice of removal, failed to include copies of relevant state court documents, failed to pay the filing fee, and no other state court defendants signed the notice of removal. (Dkt. Nos. 1; 6 at 1 – 2.)

https://imgweb.charlestoncounty.org/CMSOBView/Service1.asmx/StreamDocAsPDF?viewertype=cms&ctagency=10002&casenumber=2014CP1006824&docseq=P1A1 (last visited July 31, 2018).[2]

This is a state court foreclosure action, and the complaint is solely based on state law. To the extent Defendants are attempting to assert defenses or counterclaims under federal law, they cannot create federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense.... Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). Therefore, this Court lacks federal question jurisdiction. Furthermore, the Defendants are precluded as a matter of law from removing this case on the basis of diversity of citizenship because they are citizens of South Carolina, the state in which this action was brought. *See* 28 U.S.C. § 1441(b)(2). Therefore, the Court finds that the Magistrate Judge correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the foregoing reasons, the R & R (Dkt. No. 6) is **ADOPTED** as the order of the Court and this matter is **REMANDED** to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 2, 2018
Charleston, South Carolina

---

[2] As the Magistrate Judge noted, this Court will take judicial notice of the complaint filed in the state court action as the Defendants failed to include a copy in their notice of removal. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'").